ANDREW R. STILWELL, ESQ. (CBN: 229469)
MICHAEL H. WEINER, ESQ. (CBN: 269079)
STILWELL & ASSOCIATES, INC.
4669 Murphy Canyon Road, Suite 200
San Diego, California 92123
Telephone: (858) 715-3900
Facsimile: (858) 715-3977



FILED
OCT 25 2011
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                DEPUTY

Attorneys for ANDREW S. HUANG, Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| ANDREW S. HUANG,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., and DOES 1-20, inclusive,<br><br>　　　　　　　Defendant(s). | Case No. **11 CV 2474 W POR**<br><br>COMPLAINT FOR DECLARATORY RELIEF |
|---|---|

### Allegation Regarding Jurisdiction and Venue

ANDREW S. HUANG (hereafter "Plaintiff") herein alleges as follows:

1.　At all times herein mentioned Plaintiff was a resident of San Diego County, California, however now is a resident of the country of Singapore.

2.　Defendant, BANK OF AMERICA, N.A. (hereafter "BOFA") is, and at all times mentioned was, a national banking association organized and existing under and by virtue of the laws of the United States, with its principle place of business in Charlotte, North Carolina, and having branch offices in San Diego County, California.

3.　This action arises out of a Deed of Trust for a property located at 2901 Cape Sebastian Place, Cardiff, California, 92007 (hereafter the "Property"). Section 19 of the Deed of Trust (hereafter "DOT") entitled "Governing Law; Enforceability" states

that "This Deed of Trust will be governed by federal and California law, and the Property is within the jurisdiction of this Court.

4. Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20 inclusive. When their true names and capacities become ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes, and herein alleges based thereupon that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's relief sought as herein alleged was proximately caused by those defendants. Each reference in the complaint to "Defendant," "Defendants," or a specifically named defendant refers to all defendants sued under fictitious names.

5. Plaintiff is informed and believes, and herein alleges on that basis that each of the defendants, including all defendants sued under fictitious names, was the agent and/or the employee of each of the remaining defendants and in doing the things herein alleged, was acting within the course and scope of this agency or employment.

6. All of the above-named defendants, including those who are being sued under fictitious names, shall be collectively referred to herein as the "Defendants."

**Allegation Common to All Causes of Action**

7. On November 11, 2003, Plaintiff purchased the Property. The Property was used as Plaintiff' personal residence and consisted of a single residential dwelling of less than four units.

8. The purchase was financed with two mortgages for a total mortgaged amount of $482,600.00. Both mortgages were financed through AMERICAN MORTGAGE NETWORK, INC.

9. On May 23, 2006, Plaintiff refinanced the second position mortgage with BOFA for $110,000.00 (hereafter the "Second Mortgage"). The Second Mortgage was secured by a deed of trust (hereafter the "DOT") which was executed by Plaintiff and

BOFA and recorded in the Office of the County Recorder of San Diego County on June 23, 2006 as document number 2006-0446442.

10. On May 6, 2008, Plaintiff refinanced the first position mortgage with BOFA for $407,000.00. In order for the First Mortgage to be in first creditor position, BOFA executed a subrogation agreement on April 28, 2008, and April 29, 2008. The 2008 refinance was again refinanced on May 11, 2010 again with BOFA for $398,500.00 (hereafter the "First Mortgage").

11. The Property was the only asset secured to the Note by DOT, and there was no additional collateral or security ensuring the Note.

12. Due to economic down turn, Plaintiff was unable to make his mortgage payments under the DOT. On March 18, 2011, RECONTRUST COMPANY, N.A., an agent of BOFA, filed a Notice of Default (hereafter "NOD") in the County Recorder of San Diego County as document number 2011-0144952, indicating that BOFA considered Plaintiff to be in default of the First Mortgage, and initiating the non-judicial foreclosure process under Civil Code section 2924.

13. On July 13, 2011, RECONTRUST COMPANY, N.A., an agent of BOFA, filed a Notice of Trustee's Sale (hereafter "NOS") in the County Recorder's Office for San Diego County as document number 2011-0352942, stating that the Property was to be sold on August 5, 2011 via public auction.

14. On August 5, 2011, the Property was sold by RECONTRUST COMPANY, N.A., an agent of BOFA, to MISSION CAPITAL LLC for an undisclosed amount. RECONTRUST COMPANY, N.A. then executed a Trustee's Deed Upon Sale (hereafter "Trustee's Deed") on August 10, 2011, and recorded in the Office of the County Recorder for San Diego County on August 18, 2011 as document number 2011-0425794. This sale signified the completion of the non-judicial foreclosure process and served as BOFA's final election of remedies regarding the secured debt on the Property.

15. On September 15, 2011, BOFA sent a collection letter (hereafter "Collection Letter") to Plaintiff demanding payment of $76,686.03 on the alleged remaining satisfied amount of the Second Mortgage (hereafter the "Deficiency").

16. An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, concerning Defendants' rights to the Deficiency. Defendants, and each of them, contend that the foreclosure does not affect their right to the Deficiency, whereas Plaintiff disputes their contention and contends that Defendants, and each of them, are barred from collecting the Deficiency under the California Anti-Deficiency Statutes.

17. Plaintiff desires a judicial determination of her rights and duties, and a declaration as to whether the California Anti-Deficiency Statutes and California's common law anti-deficiency protections apply to bar Defendants, and each of them, from collecting on the Deficiency.

18. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain their rights resulting from the non-judicial foreclosure in regards to the Deficiency, as Plaintiff is not inclined to pay Defendants, and each of them, the Deficiency if he is in fact not liable for such payment.

19. This judicial declaration will stop future litigation between Defendants, and each of them, and Plaintiff in the collection of the Deficiency, and will ensure judicial an equitable economy in the post sale administration between the parties.

## CAUSE OF ACTION NO. ONE

### Declaratory Relief Under Code of Civil Procedure 580d

20. Plaintiff incorporates paragraphs 1-20 hereinabove fully into this separate and distinct cause of action by this reference.

21. California Code of Civil Procedure 580d states that there can be no deficiency on any mortgage which was secured by real property through a deed of trust in

any case in which the real property has been sold by the mortgagee under the power of sale contained in the deed of trust.

22. BOFA, the mortgagee of the Property, which was secured in and through the DOT. The Property was the only security for the Second Mortgage extended to Plaintiff by BOFA.

23. The Second Mortgage secured by the DOT is a note within the definition of "a note" under Code of Civil Procedure section 580d.

24. After the NOD was recorded, BOFA, through its agent trustee RECONTRUST COMPANY, N.A., exercised the right to sell under DOT and Civil Code section 2932 via a non-judicial foreclosure and trustee's sale at public auction.

25. Due to the non-judicial foreclosure, Plaintiff has no post-sale rights to redemption of the Property.

26. BOFA elected a non-judicial remedy through foreclosure and trustee's sale at public auction, for which there is no post-sale redemption rights. Because of BOFA's election of remedy, BOFA is barred from collecting upon the Deficiency under Code of Civil Procedure section 580d.

27. Further, BOFA is not a sold-out junior as BOFA was also the holder of the senior lien (i.e. the First Mortgage), which foreclosed, and eliminated the security on their own junior lien (i.e., the Second Mortgage).

## CAUSE OF ACTION NO. 2

### Declaratory Relief Under Common Law Anti-Deficiency Protection

28. Plaintiff incorporates paragraphs 1-27 hereinabove fully into this separate and distinct cause of action by this reference.

29. California has a long recognized common law protection against the collection of deficiencies after a secured creditor does any act or omission that causes them to lose or devalue their security interest.

30. BOFA was a secured creditor to Plaintiff, who affirmatively acted in completing a non-judicial foreclosure and trustee's sale at public auction.

31. The result of these actions was that BOFA released and further lost their security interest in the Property through the DOT. This action was willfully taken by BOFA, and was taken after careful consideration and under the terms set by BOFA.

32. Further, BOFA is not a sold-out junior as BOFA was also the holder of the senior lien (i.e. the First Mortgage), which foreclosed, and eliminated the security on their own junior lien (i.e., the Second Mortgage).

33. Because of this action, BOFA is barred from collection of the Deficiency under the common law anti-deficiency protections of California.

### Attorney's Fees and Costs

34. Plaintiff incorporates fully paragraphs 1-33 hereinabove into this cause of action by this reference.

35. Section 22 of the residential purchase and sale agreement (hereafter "RPA"), which BOFA approved, allows for the prevailing party in any action arising out of the RPA, to be awarded attorney's fees and costs of suit.

36. Further, DOT, which Defendants are seeking deficiency under, states that the prevailing party in any action arising out of the DOT, to be awarded attorney's fees and costs of pursuing remedies, and Civil Code 1717 grants Plaintiff reciprocal rights.

37. Further, BOFA is attempting to collect on a non-recourse debt in violation of California public policy, which was enacted for the public protection, and therefore Plaintiff pleads this case as a private attorney general's action for the public benefit.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a declaration that the Code of Civil Procedure 580d applies to the Deficiency, barring Defendants, and each of them, from collecting thereon;

2. For a declaration that the common law anti-deficiency protections apply to the Deficiency, barring Defendants, and each of them, from collecting thereon;

3.  For an order from this Court requiring Defendants, and each of them, to remove any credit reporting regarding the Deficiency from Plaintiff' credit report;

4.  For issuance of a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining Defendants, and each of them, their successors, agents, and/or assigns from making any further attempt to collect on the Deficiency;

5.  For costs of the suit herein incurred;

6.  For reasonable attorney's fees; and

7.  For such other and further relief as the court may deem proper.


Dated: October 25, 2011            STILWELL & ASSOCIATES, INC.


                                    _____
                                    ANDREW R. STILWELL, ESQ.
                                    Attorney for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ANDREW S. HUANG

## DEFENDANTS
BANK OF AMERICA, N.A.

**11CV2474 W POR**

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Andrew R. Stilwell, STILWELL & ASSOCIATES, INC.,
858-715-3900, 4669 Murphy Canyon Rd. Suite 200, San Diego CA

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS - PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☒ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
CCP 580d
Brief description of cause:
Declaratory relief under CCP 580d and Anti-Deficiency Protection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 10-25-11
SIGNATURE OF ATTORNEY OF RECORD: [signed]

**FOR OFFICE USE ONLY**
RECEIPT # 31802   AMOUNT 350   APPLYING IFP   JUDGE   MAG. JUDGE
10/25/11

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS031802
Cashier ID: sramirez
Transaction Date: 10/25/2011
Payer Name: STILWELL AND ASSOC
-------------------------------------
CIVIL FILING FEE
 For: HUANG V BANK OF AMERICA
 Case/Party: D-CAS-3-11-CV-002474-001
 Amount:         $350.00
-------------------------------------
CHECK
 Check/Money Order Num: 10164
 Amt Tendered:  $350.00
-------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```